IN THE MATTER OF THE ESTATE OF CATHARINE S. KEMEYS, DECEASED.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* WALTER S. KEMEYS AND GERRIT S. MILLER, APPELLANTS.

*Statute — when it takes effect — property given to an adopted child, collateral inheritance tax thereon imposed by a decree of a surrogate of May 27, 1889, is not affected by chapter 479 of 1889, which took effect June 14, 1889.*

The provision in a legislative act, in the State of New York, that "this act shall take effect immediately," relates to its approval by the governor, and not to the time of its passage by both houses of the legislature. It simply has the effect of rendering inapplicable to such a statute the provision of the Revised Statutes (1 R. S., 157, § 12) that "every law, unless a different time shall be prescribed therein, shall commence and take effect throughout the State on and not before the twentieth day after the day of its final passage as certified by the Secretary of State."

A tax had become payable, under the collateral inheritance tax law (chap. 483 of the Laws of 1885), upon a gift by a testatrix to an adopted child, and there had been an adjudication by the surrogate on the 27th day of May, 1889, imposing such tax.

*Held,* that the right of the State to collect the same was not taken away by chapter 479 of the Laws of 1889, which went into effect on the 14th day of June, 1889, exempting such gifts to adopted children from the collateral inheritance tax.

That such act of 1889 did not affect the right to collect a tax which had already been imposed and had vested, under the act of 1885, prior to the time of the taking effect of the act of 1889.

APPEAL by the defendants, Walter S. Kemeys and Gerrit S. Miller, from an order made by the surrogate of New York county on the 13th day of February, 1889, *In the Matter of the Estate of Catharine S. Kemeys, Deceased,* whereby an appraiser was appointed and directed to give notice to certain parties interested in the property of Catharine S. Kemeys, the decedent, subject to the payment of the collateral inheritance tax; and also from an order of said surrogate, made on the 27th day of May, 1889, whereby the report of the appraiser was confirmed and the tax upon the property was fixed.

*S. Jones,* for the appellants.

*B. F. Dos Passos,* for the People, respondent.

BARRETT, J.:

The real question presented by this appeal is, whether an act of the legislature, which specifies that it shall take effect "immediately," so takes effect upon its passage by both houses or upon its approval by the governor.

The appellants' contention is that although it only became a law upon the governor's approval, yet upon such approval it took effect by legal relation from the date of its passage. And he cites *Latless* v. *Holmes* (4 Durnf. & East, 660) in support of this contention. In that case it was held, reaffirming the rule laid down in *Panter's Case* (6 Bro. P. C. 486), that "where no specific day is mentioned in an act of parliament from which it is to take effect it commences by legal relation from the first day of the session." We have no such rule in this State, and such a fiction of law would work great injustice. All fictions and presumptions upon the subject are here changed by the Revised Statutes (1 R. S., 157, § 12) which provides that "every law, unless a different time shall be prescribed therein, shall commence and take effect throughout the State on and not before the twentieth day after the day of its final passage as certified by the Secretary of State."

In the present instance the legislature *has* prescribed a different time, namely, "immediately." That, however, does not mean "immediately" upon the passage of the act by both houses, but immediately upon its becoming a law in the constitutional way. In the absence of an express declaration to that effect, the legislature is not presumed to have given retroactive force to *its* enactment. And it certainly would give the act retroactive force to say that upon its becoming law it should take effect at a prior date. This is the only reasonable view of the matter, and it is emphasized by the act of 1888 (chapter 4, amending section 2 of chapter 306 of the Laws of 1842), which requires the Secretary of State, in publishing the statutes, to insert immediately under the title of each act the date when it became a law instead of, as formerly, the date of its passage. Now, the Session Laws, as published annually, do not show when the various acts were passed. If, therefore, the phrase "this act shall take effect immediately" be construed to mean immediately upon its passage by both houses, we would have to go behind the printed laws, as certified by the Secretary of State, and

ascertain when, as matter of fact, the particular bill passed. We are, therefore, of opinion that the phrase in question was simply intended to operate against the twenty-day provision of the Revised Statutes; and that the act took effect immediately upon its approval by the Governor, and not before.

This conclusion is decisive of the present appeal. Mrs. Kemeys died on the 6th of November, 1885. Under her will her residuary estate plainly vested in Walter S. Kemeys. As the law stood at the time of Mrs. Kemey's death, Walter S. Kemeys was not exempt from the collateral inheritance tax. (Laws 1885, chap. 483.) The law exempting persons who, like Mr. Kemeys, stood to the deceased for not less than ten years prior to her death in the mutually acknowledged relation of child, was not passed until 1887. (Chap. 713.) And it has been decisively held that this latter law was not retroactive. (*In re Miller*, 110 N. Y., 217.) There have been differences of opinion, however, as to whether, in a case of this acknowledged relation, the legal machinery for the assessment of the tax could be set in motion, or, if set in motion, the assessment ordered after the act of 1887 went into effect. In the *Matter of Cager* (46 Hun, 659) it was held that it could not, while in the *Matter of Arnett* (49 id., 599) it was held that it could. (See *Kissam* v. *The People*, 6 Dem., 171 and *In re Ryan*, 18 N. Y. St. Rep., 992.) The reasoning in the *Cager Case* was disapproved on appeal (111 N. Y., 347), while the views of DWIGHT, J., in the *Arnett Case* seem to be entirely satisfactory. He says that "there is nothing in the history or character of the new scheme of taxation to suggest a purpose to grant exemption from its operation in the limited number of cases in which the tax accrued under the original act (1885), *and was uncollected at the time of the passage of the amendment*" (1887).

The right to the tax vested under the act of 1885, and as that vested right was not taken away by the act of 1887, but merely withdrawn for the future, there could be no good reason why such vested right should not be enforced after the amendatory act as well as before. This was clearly recognized by the legislature in the passage of the act of 1889, otherwise this latter act would have been superfluous. It provides as follows (chap. 479):

"Section 1. Section 25 of chapter 713 of the Laws of 1887,

entitled 'An act to amend chapter 483 of the Law of 1885,' entitled 'An act to tax gifts, legacies and collateral inheritances in certain cases,' is hereby amended so as to read as follows:

" Section 25. All acts and parts of acts inconsistent with the provisions of this act are hereby repealed, but this act shall apply to all estates of deceased persons where no assessment of the tax has been made to which such estate or estates are liable under the provisions of the foregoing act.

" Section 2. This act shall take effect immediately."

This amendment, however, under the construction given to it in the first part of this opinion, only went into effect on the 14th day of June, 1889, while the final order of the surrogate, assessing the tax, was made on the twenty-seventh day of the preceding May. The amendment, therefore, was inapplicable to this order, and did not disturb its force or effect.

It follows that the orders of the surrogate should be affirmed, with costs.

VAN BRUNT, P. J., and BARTLETT, J., concurred.

Orders of the surrogate affirmed, with costs.